# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | C.A. No. 25-5716 |
| Plaintiff-Appellee, | ) ) | (W.D. Ky.) |
| v. | ) ) | **JOINT MOTION FOR ORDER HOLDING** |
| BRETT HANKISON, | ) ) | **BRIEFING SCHEDULE IN ABEYANCE OR** |
| Defendant-Appellant. | ) ) | **EXTENDING SCHEDULE** |
| | ) ) ) ) ) | |

Plaintiff-Appellee United States of America and defendant-appellant Brett Hankison, by and through their respective counsel of record, hereby jointly move this Court for an order that holds the briefing schedule in abeyance, or simply extends it, for a period of 60 days.  The defendant's opening brief is currently due today, Wednesday, May 6, 2026.  For the reasons det forth herein, the government agrees with the defense that good cause exists for holding the briefing schedule in abeyance or otherwise extending it for a period of 60-days.

If this motion is denied, both parties move in the alternative for a 30-day extension of time to allow the defendant to file his opening brief.

The motion is made pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and is based on the files and records in this case and the following points.

## GOOD CAUSE FOR EXTENSION/ABEYANCE

### A.    Procedural History

#### 1.    State Court Case

This case was preceded by a related state prosecution, filed in September 2020, against defendant for felony wanton endangerment due to his firing of three shots that entered the apartment of Ms. Taylor's three neighbors.  (Gov't Sentencing Memorandum, R.285, Page ID #14244-14245.)  In March 2022, after a lengthy trial, a state court *jury acquitted* defendant on all counts.  (*Ibid.*).

#### 2.    Federal Indictment & Two Trials

The indictment in this case was filed in August 2022.  It charged defendant Hankison with two-counts for violation of 18 U.S.C. 242. (Indictment, R.1, Page ID # 1-3.)  Both counts related to Louisville Metro PD officers' execution of a search warrant on the apartment of Breonna Talor in March 2020, which resulted in the death of Ms. Taylor.  (Indictment, R.1, Page ID # 1-3.)  To be clear, however,

2

defendant Hankison did not fire any shots that hit Ms. Taylor, and he is not responsible for causing her death.

Two trials were needed before a jury convicted defendant on either § 242 count in this case. (Gov't Sentencing Memorandum, R.285, Page ID #14245.) In November 2023, the first trial concluded with a declaration of a mistrial because that jury could not reach a verdict on either count. (*Ibid.*).

Eleven months later, in October 2024, the government tried again, (Gov't Sentencing Memorandum, R.285, Page ID #14245.) Finally, on November 1, 2024 — after a two-week trial and one *Allen* charge — the jury found defendant *not guilty* as to Count 2, but then was sent back with another *Allen* charge to deliberate further on Count 1. (*Ibid.*; Order, R. 251, Page ID # 13571-13573.) Finally, the jury returned a verdict of guilty on Count 1. (Verdict, R.233, Page ID # 10926.)

### 3.    Post-Trial Motions

Defendant filed motions for a new trial and a judgment of acquittal. (Motions, R.253, Page ID # 13581-13583; and Motion, R.254, Page ID # 13587-13611.) The district court denied both motions. (*See*

Order, R.272, Page ID # 14014-14026; and Order, R.286, Page ID #14263-14320.)

### 4.    Sentencing

In July 2025, the district court sentenced defendant to 33-months' imprisonment, followed by a 3-year term of supervised release. (Judgment, R.292, Page ID #14527-30.)  The Government recommended the equivalent of a probationary sentence, 1-day imprisonment (time served) followed by a term of supervised release.  (Gov't Sentencing Memorandum, R.285, Page ID #14260-14261.)  Defendant concurred with that recommendation.

However, after a hearing that involved a number of close and contested Guideline issues, the district court rejected the parties' sentencing recommendation.  (Transcript of Sentencing, R.290, Page ID # 14499.)

### 5.    Appellate Proceedings

The district court denied defendant's unopposed request for bail pending appeal.  Defendant Hankison appealed that order in *United States v. Brett Hankison*, Case No. 25-5954.  The Government filed a brief in support of defendant's motion for bail pending appeal.  (Dkt. #12.)  In its brief, the Government acknowledged that defendant's

appeal "raises *some* 'substantial' issues of law or fact that are 'close questions' (*i.e.*, novel questions that 'could go either way') and would, if successful, likely result in reversal, a new trial, or a substantially reduced sentence," and that "defendant has 'clearly shown' that there are 'exceptional reasons' why defendant's detention pending appeal 'would not be appropriate.'" (*Id.*, at Page ID #20.)

On December 19, 2025, this Court reversed the district court and granted the defendant bond pending appeal. (*See* Order, App. R.14-2, in *United States v. Brett Hankison*, Case No. 25-5954.) The Court concluded that defendant's appeal presented "serious and substantial issues" relating to his conviction. (*Id.* at Page #5.)

**B.      Grounds for the Requested Extension**

After addressing the separate motion for bail pending appeal, defendant Hankison has previously filed four motions in this appeal for 30-day extensions of the deadline to file his opening brief. The Government has not opposed any of those motions, as it recognizes that defendant's appeal raises substantial issues and wants to ensure that the defense has sufficient time to file a brief that addresses the issues fully and effectively. In granting the last defense motion, however, the

5

Court indicated (in substance) that a further extension of the deadline for the opening brief would be disfavored.

For the reasons set forth herein, both parties believe that an abeyance or extension of the entire briefing schedule is warranted. The parties agree that the record is voluminous and involves a unique procedural history. The parties also agree that the fact-specific nature of the case necessitates that the defense needs time to adequately complete the briefing in this matter.

Defense counsel represents that he has exercised diligence with respect to this appeal. The Government agrees with that assessment. The defendant's prior briefing on appeal in support of defendant Hankison's motion for bail pending appeal makes that clear. (*See United States v. Hankison*, Case No. 25-5954, Dkt. 10.)

Finally, defendant's counsel has submitted a letter to the Government asking for it to reevaluate the prosecution of this case for a variety of reasons. Defense counsel has continued to communicate with the Government's undersigned counsel regarding that request. To be clear, the Government has made no decision regarding defendant's request. However, the Government's counsel has indicated a

willingness to consider the points raised by defense counsel and to further consider some of the issues raised at the sentencing hearing and in the Government's sentencing brief.  Additional time is necessary to permit that review to be completed, and the parties agree that it would be best to complete that review before defendant's opening brief is finalized and filed.

## DEFENDANT'S BAIL STATUS

Defendant is out of custody pending appeal.  He was out of custody throughout the pendency of the district court proceedings and a prior, related state court case, all without any violations of his conditions of release.

The Government stipulates that defendant does not present a risk to the public.

//

//

//

//

//

//

## STATUS OF TRANSCRIPTS

No court reporter is in default with regard to any designated transcripts.

DATED: May 6, 2026.

LAW OFFICE OF JARROD J. BECK


 */s/ Jarrod J. Beck*


JARROD J. BECK

Attorney for Defendant
BRETT HANKISON

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division


 /s/ *Robert J. Keenan*


ROBERT J. KEENAN
Acting Deputy Assistant Attorney
General, Civil Rights Division

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

## <u>CERTIFICATE OF SERVICE</u>

On this date, May 6, 2026, through my electronic-filing of this motion through the ECF system, I am serving the motion to all counsel of record.

*/s/ Robert J. Keenan*

ROBERT J. KEENAN
Assistant United States Attorney
